UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARCUS T STRINGER #127238/513433        CIVIL ACTION NO. 21-cv-4118

VERSUS                                  JUDGE S. MAURICE HICKS, JR.

DEP W TENGEY                             MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Marcus T. Stringer ("Plaintiff") is a self-represented inmate who was formerly housed at the Caddo Correctional Center ("CCC"). He filed this civil rights action against Deputy W. Tengey and CCC based on allegations that Tengey assaulted him. Before the court is a Motion for Summary Judgment (Doc. 20) by Defendants in which they assert a defense of failure to exhaust administrative remedies. For the reasons that follow, it is recommended that the motion be granted and this action be dismissed without prejudice.

### Allegations

Plaintiff alleged that on November 28, 2021 Deputy W. Tengey entered his cell and acted as if he were trying to grab meal trays but instead rammed his shoulder into Plaintiff, causing Plaintiff to fall. Plaintiff alleged that he has bullets in his legs and a colostomy bag. The bag allegedly came off during the encounter, causing blood and human waste to spill out. Docs. 1 & 4.

**The Exhaustion Defense**

### A. The Exhaustion Requirement

Plaintiff's complaint asserts claims based on 42 U.S.C. § 1983. Defendants argue that the complaint is subject to dismissal because Plaintiff did not exhaust his administrative remedies before he filed suit. The defense is based on a provision in 42 U.S.C. § 1997e(a) that provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The statute is interpreted broadly to apply to all inmate suits about prison life, whether they involve general circumstances or particular episodes. Porter v. Nussle, 122 S.Ct. 983 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 126 S.Ct. 2378, 2386 (2006). "[T]he PLRA pre-filing exhaustion requirement is mandatory and non-discretionary." Gonzalez v. Seal, 702 F.3d 785, 787 (5th Cir. 2012) (per curiam).

### B. Summary Judgment Burden

Defendants move for summary judgment based on Plaintiff's alleged failure to exhaust administrative remedies prior to filing this action. "Since exhaustion is an affirmative defense, the burden is on [Defendants] to demonstrate that [Plaintiff] failed to exhaust available administrative remedies." Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010). A defendant "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." Id.

Summary judgment is appropriate if "there is no genuine dispute as to any material fact" and if a party demonstrates it is "entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). "In evaluating a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party." Sanchez v. Oliver, 995 F.3d 461, 466 (5th Cir. 2021). "If the moving party meets its initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." Brantner v. Freestone Cnty. Sheriffs Off., 776 Fed. Appx. 829, 832 (5th Cir. 2019) (quoting Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000).

### C. Analysis

The form complaint filed by Plaintiff asked if there was a grievance procedure in his institution and whether he filed a grievance based on the facts that form the basis of his lawsuit. Plaintiff checked boxes to indicate that there was a grievance procedure at CCC, but he did not file a grievance. He explained: "They block my pass code so I can't file."

A grievance system is often called an administrative remedy procedure, and grievances are sometimes called ARPs. Defendants submit an affidavit from Deputy Mikeasha Anderson, who testifies that she is the deputy in charge of logging all ARPs with CCC. Anderson testifies that on November 28, 2021 CCC had an ARP system in place to redress grievances from inmates relating to all conditions of confinement, but there is "no record that inmate, Marcus Stringer, filed an ARP concerning any incident which occurred on November 28, 2021."

In response to Plaintiff's allegation that he could not file a grievance because his PIN was blocked, Defendants offer affidavit testimony from Deputy Anderson and Deputy Nickie Mastrodomenico. Deputy Anderson testifies that CCC inmates have access to electronic tablets and kiosks that they can use to submit grievances. The court is aware from other proceedings that inmates use a PIN to access the electronic system. Mastrodomenico testifies that Plaintiff "logged into a tablet or kiosk on November 29, 30, December 6, 7, and 16, 2021, and logged into a tablet following these dates." Mastrodomenico adds that Plaintiff "was never blocked from facility forms (i.e., ARPs, grievances, KITES)."

The moving defendants have met their summary judgment burden with respect to the exhaustion defense. Plaintiff was given ample opportunity to respond to the motion, but he filed nothing. Accordingly, the summary judgment record shows that Plaintiff did not file a grievance and exhaust his administrative remedies before he filed this civil action.

Plaintiff alleged in his complaint that he was thwarted from using the grievance system, but Defendants offer unchallenged evidence that Plaintiff was never blocked from accessing the electronic ARP system and that he successfully accessed a kiosk or tablet on several different days soon after the alleged incident. Plaintiff's bare assertion in his complaint that he was unable to pursue a grievance is inadequate because "[a] court may not rely on mere factual allegations in an unverified complaint to make summary-judgment rulings." Joseph on behalf of Est. of Joseph v. Bartlett, 981 F.3d 319, 334 (5th Cir. 2020). The only competent evidence on the exhaustion issue comes from Defendants, and it shows

that Plaintiff had access to an ARP system but failed to take advantage of it before he filed this suit.

**Conclusion**

Defendants raised an exhaustion defense by motion for summary judgment. They met their burden of demonstrating by competent summary judgment evidence that Plaintiff did not exhaust his administrative remedies before he filed this suit. Plaintiff was given a reasonable opportunity to respond and attempt to create a genuine dispute of material fact, but he offered nothing. Defendants are entitled to dismissal without prejudice of all claims against. Bargher v. White, 928 F.3d 439, 447 (5th Cir. 2019) ("Failure to exhaust … warrants dismissal without prejudice"). [1]

Accordingly,

It is recommended that the Motion for Summary Judgment (Doc. 20) by Defendants be granted and that this civil action be dismissed without prejudice.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

---

[1] CCC also argues that it is entitled to dismissal because it is not an entity that can be sued. The court issued an order to that effect earlier in the case and terminated CCC as a defendant. Doc. 19.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of April, 2023.

Mark L. Hornsby
U.S. Magistrate Judge